USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTEBAN GONZALEZ,

       Plaintiff,

- against -

WARDEN DENNIS W. HASTY, et al.,

       Defendants.

MEMORANDUM
OPINION AND ORDER

05 Civ. 6076 (RMB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

 Before the Court is Plaintiff's motion to compel discovery on the issue of jurisdiction. The discovery is predicated on the remand from the Second Circuit "for factual findings on the length of the administrative exhaustion period, its effect on the applicable statute of limitations, and for such further action as may be appropriate." *Gonzalez v. Hasty, et al.*, 651 F.3d 318, 323 (2d Cir. 2011).

 Defendants have limited their production to facts related to the tolling of Gonzalez's requirement to exhaust administrative proceedings. Gonzalez maintains that because the Second Circuit did not reach the issue of continuing violation, any discovery which might be relevant to such a theory must be allowed. Gonzalez states that he is

> clearly entitled to full discovery in support of this claim. Where, as here, the complaint alleges a single continuing wrong or course of misconduct, both the federal and New York State courts have recognized that the application of the statute of limitations is governed by what is variously called the 'continuing tort doctrine' or the 'continuing violation doctrine.'

Pl's Mot. to Compel Discovery 10. The Court disagrees. First, the opinion of the panel focused on the tolling question, and addressed the elements this Court should consider in determining whether or not tolling is appropriate. Second, while it is true that the panel did not reach the issue of continuing violation, that is not the equivalent of the panel ordering that discovery be

conducted on that issue. The panel had before it this Court's finding "that, even assuming Gonzalez had shown the 'compelling circumstances' necessary to prevail on a continuing violation theory, his MCC claim nonetheless ripened when he was transferred out of the MCC on July 24, 2001, and any constitutional violations that allegedly occurred at the MDC would constitute a new conspiracy." *Gonzalez*, 651 F. 3d at 321. The Court sees no reason to disturb this finding. The panel did not remand to reconsider the finding. The panel also did not remand for a fuller development of the record on the continuing violation issue. Instead, the panel noted that the Court "failed to address, however, whether tolling of the statute of limitations should apply to Gonzalez's MCC claims, which arose in Manhattan and where venue was proper." *Id*. Defendants properly responded to questions related to tolling.

The motion to compel is **DENIED**.

**SO ORDERED this 12th day of April 2012**
**New York, New York**

*(signature)*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**